# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

    v.                                                 **Case No. 05-CR-95**

**WILLIE McMILLON**
        **Defendant.**

## DECISION AND ORDER

On March 14, 2006, I sentenced defendant Willie McMillon to 70 months imprisonment on his guilty plea to conspiracy to distribute five kilograms or more of cocaine.[1] Defendant has now filed a motion to reduce his sentence under 18 U.S.C. § 3582. Defendant states that he has maintained clear conduct and earned numerous prison programming certificates, which he attaches to his motion. He asks for a downward departure in his sentence based on his rehabilitative efforts.

While defendant's efforts are commendable, they provide no lawful basis for a sentence reduction. Section 3582(c) sets forth the circumstances under which a sentence of imprisonment may be modified. Section 3582(c)(1) allows a reduction on the motion of the director of the Bureau of Prisons based on extraordinary reasons or the defendant's advanced age. The Director has not filed such a motion in this case. The court may on a defendant's motion reduce a sentence under § 3582(c)(2) if the Sentencing Commission has amended the sentencing guidelines, lowering the range under which the defendant was sentenced, and made the amendment retroactive. U.S.S.G. § 1B1.10 cmt. n.1(A). The

---

[1] Because defendant qualified for the safety valve, I was able to impose sentence below the otherwise applicable ten year mandatory minimum. Defendant's 70 month sentence was at the low end of his advisory guideline range.

Commission recently lowered crack cocaine sentences and made that amendment retroactive, but defendant's case involved powder cocaine only. Defendant cites no other guideline amendment that might apply. Therefore, § 3582(c)(2) provides no basis for reducing his sentence. The court may not on a defendant's motion reduce a sentence long after its imposition based solely on rehabilitation in prison. United States v. Grant, Cr. No. C-00-114, 2007 WL 3283682, at *1 (S.D. Tex. Nov. 6, 2007) (noting the limited circumstances under which the court may reduce a sentence under 18 U.S.C. § 3582 and Fed. R. Crim. P. 35, and that post-sentencing rehabilitation and exemplary prison conduct are not included); see also Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000) (noting that Rule 35 strictly limits a judge's ability to revisit a sentence).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 72) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

2
Case 2:05-cr-00095-LA   Filed 03/27/08   Page 2 of 2   Document 82